Mureed Hussain v. Garland

BIA
Lurye, IJ
A208 418 739

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of May, two thousand twenty-three.

PRESENT:
>      DEBRA ANN LIVINGSTON,
>           *Chief Judge,*
>      GERARD E. LYNCH,
>      BETH ROBINSON,
>           *Circuit Judges.*

_____

BILAL MUREED HUSSAIN,
>      *Petitioner,*

>      v.                                    20-1618
>                                            NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
>      *Respondent.*

_____

FOR PETITIONER:            Tobin Kohane, Esq., New York, NY.

FOR RESPONDENT:            Brian Boynton, Acting Assistant Attorney General; Keith I. McManus, Assistant Director; Scott

M. Marconda, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED.**

Petitioner Bilal Mureed Hussain, a native and citizen of Pakistan, seeks review of an April 24, 2020, decision of the BIA affirming a July 19, 2018, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Bilal Mureed Hussain,* No. A 208-418-739 (B.I.A. Apr. 24, 2020), *aff'g* No. A 208-418-739 (Immig. Ct. N.Y.C July 19, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have considered both the IJ's and BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.,* 448 F.3d 524, 528 (2d Cir. 2006). We deny the petition because Mureed Hussain has failed to exhaust or raise any challenge to dispositive grounds for the agency's decisions.

Under 8 U.S.C. § 1252(d)(1), we "may review a final order

of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right." In addition to this statutory requirement that a petitioner exhaust administrative remedies by appealing to the BIA, we require a petitioner to raise to the BIA the specific issues he seeks to raise in this Court. *See Foster v. INS*, 376 F.3d 75, 78 (2d Cir. 2004). While not jurisdictional, the issue exhaustion requirement is "mandatory," particularly where, as here, the Government raises it as an affirmative defense. *Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119-24 (2d Cir. 2007).

Before the BIA, Hussain did not assert any challenges to the IJ's credibility findings. He argued that the IJ did not acknowledge country conditions evidence that the Taliban targets Shia Muslims. He also argued that the IJ failed to consider the broader political context or that his family could not relocate within Pakistan.[1] And he generally asserted that he established a likelihood of torture. But he did not address the credibility determination or allege

---

[1] The IJ did not make findings about Hussain's ability to relocate in Pakistan. CAR at 41-50 (IJ Dec.); *see* 8 C.F.R. § 1208.13(b)(1)(i)(B).

3

any errors in individual findings.  Accordingly, Hussain failed to exhaust any challenge to the adverse credibility determination.  *See Foster*, 376 F.3d at 78.  The adverse credibility determination is dispositive of Hussain's claims for asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate— Hussain's alleged conversion to Shia Islam and attacks he allegedly suffered as a result.  *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

Hussain argues that general conditions in Pakistan concerning the treatment of Shia Muslims alone satisfies his burden to show a well-founded fear of future persecution. But, while a well-founded fear of future persecution might in some circumstances be established by showing membership in a group against which the government has a pattern or practice of persecution, *see Hongsheng Leng v. Mukasey*, 528 F.3d 135, 142 (2d Cir. 2008), the IJ's adverse credibility determination against Hussain extended not only to his anecdotes of past persecution but implicitly also extended to his testimony that he converted to Shia Islam, *see Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) ("An IJ may, either

4

expressly or impliedly, rely on *falsus in uno* [the maxim "false in one thing, false in everything"] to discredit evidence that does not benefit from corroboration or authentication independent of the petitioner's *own* credibility." (emphasis in original)). [2] Accordingly, Hussain's failure to challenge the IJ's adverse credibility determination before the BIA is fatal to his argument that he may show a well-founded fear of future persecution based solely on country conditions evidence. For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe,
                                    Clerk of Court

---

[2] Hussain additionally argues that the IJ exerted pressure to conclude his merits hearing early, which hastiness exacerbated the IJ's misunderstanding of the facts of his case. But, again, Hussain did not contest any specific factual finding of the IJ before the BIA, meaning that no such a claim has been preserved for review. To the extent Hussain argues that the IJ violated his constitutional right to due process, he has failed to demonstrate how the IJ's attempts to streamline his testimony during the merits hearing deprived him of "a full and fair opportunity to present [his] claims" or "otherwise deprived [him] of fundamental fairness." *Burger v. Gonzalez*, 498 F.3d 131, 134 (2d Cir. 2007) (internal quotation marks and citations omitted).